FILED
2007 Apr-19 PM 12:18
U.S. DISTRICT COURT
N.D. OF ALABAMA

FILED
2007 APR 17 PM 12:15
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| HUEL M. LOVE, JR., | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. _____ |
| CLIENT SERVICES, INC., a Missouri Corporation, | ) CV-07-PT-0688-E |
| Defendant. | ) **Jury Demanded** |

## COMPLAINT

Plaintiff, Huel M. Love, Jr., brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"), for a declaration that Defendant's debt collection practices violate the FDCPA, and to recover damages for Defendant's violations of the FDCPA, and alleges:

### JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendant transacts business here.

### PARTIES

3. Plaintiff, Huel M. Love, Jr. ("Love"), is a citizen of the State of Alabama, residing in the Northern District of Alabama, from whom Defendant attempted to collect a delinquent consumer debt allegedly owed to Sam's Club.

4. Defendant, Credit Services, Inc. ("Credit Services"), is a Missouri corporation, that acts as a debt collector, as defined by § 1692a of the FDCPA, because it

regularly uses the mails and/or telephone to collect, or attempt to collect, delinquent consumer debts, including delinquent consumer debts in the Northern District of Alabama. In fact, Defendant was acting as a debt collector as to the delinquent consumer debt it attempted to collect from Mr. Love.

5. Defendant's principal business is collecting delinquent consumer debts that are allegedly owed to its clients.

## FACTUAL ALLEGATIONS

6. On February 3, 2007, Defendant Credit Services initially contacted Love by telephone, at his home telephone number, to collect a debt that Love allegedly owed to Sam's Club.

7. To date, Credit Services has failed to send Love a written a written notice containing any of the information required pursuant to 15 U.S.C. § 1692g.

8. All of the Defendant Credit Services' collection actions in this matter occurred within one year of the date of this Complaint.

9. Defendant Credit Services' collection statements are interpreted under the "less sophisticated consumer" standard. *See, Jeter v. Credit Bureau, Inc.*, 760 F.2d 1168, 1173 (11th Cir. 1985).

## COUNT I
### Violation of § 1692g(a) of the FDCPA – Failure to Send the Proper Notice Within Five Days After the Initial Communication

10. Plaintiff adopts and realleges Paragraphs 1-9.

11. Section 1692g(a) of the FDCPA provides that, within five days of the initial communication with a consumer in connection with the collection of any debt, a debt collector shall send a written notice to the consumer containing the following

information: 1) the amount of the debt; 2) the name of the creditor to whom the debt is owed; 3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; 4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and 5) a statement that, upon the consumer's written request within the thirty day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

12. By failing to send Love a written notice, that complies with 15 U.S.C. § 1692g(a), within five days of its initial communication with him concerning the collection of a debt, Defendant has violated the FDCPA and is liable to Love for declaratory judgment that its conduct violated the FDCPA, actual damages, statutory damages, as well as costs and reasonable attorney's fees. *See*, 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

Plaintiff, Huel M. Love, Jr, prays that this Court:

1. Declare that the Defendant's debt collection practices violate the FDCPA;

2. Enter judgment in favor of Plaintiff Love, and against Defendant, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and

3. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Huel M. Love, Jr., demands trial by jury.

                                                Huel M. Love, Jr.,

By: _____
      Hobart H. Arnold, III (ARN013)
      Attorney for Plaintiff

OF COUNSEL:
CAMPBELL & CAMPBELL, P.C.
P.O. Drawer 756
Talladega, AL 35161
(256) 761-1858

**Please serve Defendant by certified mail c/o its Registered Agent as follows:**

**Client Services, Inc.**
**c/o Daniel K. Barklage its Registered Agent**
**211 North Third Street**
**St. Charles, MO 63301**